

FILED

JAN - 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LUQMAN S. ALI, RAMADAN ALI, individually )
and As Special Administrator of the Estate of )
CURTIS ABDUL-MUHAIMIN ALI, deceased, )
ANEESAH I. ALI, )
                                     )
           Plaintiffs, )
                                     )
v.                                )    No.

CERTAIN NOW UNKNOWN
CHICAGO POLICE OFFICERS,
Individually and as employees, agents,
and servants of CITY OF CHICAGO,
ILLINOIS, a municipal Corporation,

           Defendants.

**08CV0113
JUDGE KENNELLY
MAG. JUDGE COLE**

)

### NOTICE OF REMOVAL

       Defendant City of Chicago ("City"), by its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, respectfully removes the above-entitled action to this Court,

pursuant to 28 U.S.C. §1441(b) and (c), on the following grounds:

       1. Plaintiffs filed this action on or about December 4, 2007, in the Circuit Court of Cook

County, Illinois, as *LUQMAN S. ALI, RAMADAN ALI, individually and As Special*

*Administrator of the Estate of CURTIS ABDUL-MUHAIMIN ALI, deceased, ANEESAH I. ALI*

*v. CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, Individually and as employees,*

*agents, and servants of CITY OF CHICAGO, ILLINOIS, a municipal Corporation,* case number

07 L 013551. <u>See</u> summons and complaint attached hereto as Exhibit A.

2. As of the date of this filing, no other defendants have been identified or named by Plaintiffs; thus, the City has not been able to obtain their consent to the removal of this action to federal court.

3. It appears from the face of the complaint that this is a civil rights action that arises under the United States Constitution and involves a federal question. The complaint alleges, among other things, that the defendants violated the Fourth and Fourteenth Amendment rights of the plaintiffs as pursuant to 42 U.S.C. §1983 (see Counts I, II & III of Plaintiffs' complaint). The Defendants are therefore entitled to remove this action to this Court, pursuant to 28 U.S.C. §1441(b) and (c).

WHEREFORE, defendant City of Chicago respectfully requests that the above-entitled action, which is now pending in the Circuit Court of Cook County in the State of Illinois, Case Number 07 L 013551, be removed to the United States District Court for the Northern District of Illinois.

MARA S. GEORGES
Corporation Counsel
CITY OF CHICAGO

By:

DAVID J. SEERY
Chief Assistant Corporation Counsel

30 North LaSalle St., Ste 1020
Chicago, IL 60602
(312) 744-9210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LUQMAN S. ALI, RAMADAN ALI, individually  )
and As Special Administrator of the Estate of  )
CURTIS ABDUL-MUHAIMIN ALI, deceased,  )
ANEESAH I. ALI,  )
                                  )
          Plaintiffs,  )
                                  )
v.  )       No.
                                  )
CERTAIN NOW UNKNOWN  )
CHICAGO POLICE OFFICERS,  )
Individually and as employees, agents,  )
and servants of CITY OF CHICAGO,  )
ILLINOIS, a municipal Corporation,  )
                                  )
          Defendants.

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:    Ramadan Ali, Luqman Ali and Aneesah Ali
        6846 S. Peoria
        Chicago, Illinois 60621

    **PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court a **NOTICE OF REMOVAL**, a copy of which is attached hereto and herewith served upon you.

    I hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **NOTICE OF REMOVAL** to be sent via U.S. mail to the persons in the foregoing Notice at the address therein shown on this 7th day of January 2008.

    **DATED** at Chicago, Illinois this 7th day of January 2008.

                        Respectfully submitted,
                        MARA S. GEORGES
                        Corporation Counsel
                        CITY OF CHICAGO

BY:                                 
                        DAVID J. SEERY
                        Chief Assistant Corporation Counsel

30 North LaSalle Street, Ste 1020
Chicago, IL 60602
(312) 744-9210

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
RAMADAN ALI,  LUQMAN ALI, ANEESAH ALI

}

2007L013551
CALENDAR/ROOM X
TIME 00:00
Tort - Intentional

v.

No. _____

CITY OF CHICAGO, a municipal
Corporation, CERTAIN UNKNOWN CHICAGO POLICE OFFICERS

## SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie 5600 Old Orchard Rd. Skokie, IL 60077 | ☐ District 3 - Rolling Meadows 2121 Euclid Rolling Meadows, IL 60008 | ☐ District 4 - Maywood 1500 Maybrook Ave. Maywood, IL 60153 |
| ☐ District 5 - Bridgeview 10220 S. 76th Ave. Bridgeview, IL 60455 | ☐ District 6 - Markham 16501 S. Kedzie Pkwy. Markham, IL 60426 | ☐ Child Support 28 North Clark St., Room 200 Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: PRO SE

Atty. for: Plaintiffs

Address: 6846 S PEORIA

City/State/Zip: CHICAGO, IL 60621

Telephone: _____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ DEC 4 _____

Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

(SEAL)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

LUQMAN S. ALI,
RAMADAN ALI, individually and
As Special Administrator
Of the Estate of CURTIS ABDUL-
MUHAIMIN ALI, Deceased,
ANEESAH I. ALI,

                  **Plaintiffs,**

      **vs.**

CERTAIN NOW UNKNOWN
CHICAGO POLICE OFFICERS,
Individually and as employees, agents,
and servants of CITY OF CHICAGO,
ILLINOIS, a municipal Corporation,

                **Defendants.**

2007L013551
CALENDAR/ROOM X
TIME 00:00
Tort - Intentional

NO.

~~JURY DEMANDED~~

## <u>COMPLAINT</u>

NOW COME the Plaintiffs, RAMADAN ALI Individually and as Special

Administrator of the Estate of CURTIS ABDUL-MUHAIMIN ALI, LUQMAN S. ALI,

and ANEESAH ALI, in propia persona for their Complaint at Law against Defendants,

City of Chicago, a municipal corporation, as of yet unknown Chicago police officers

("Defendant Officers"), and state the following:

1.      This is an action by Citizens of the United States and residents of the City of

Chicago, Illinois.  This action arises under the Civil Rights Act of 1871, as

amended, 42 U.S.C. § 1983 and under the Illinois State Constitution and State

laws.  Plaintiffs seek damages for injuries to the Plaintiffs caused by the

policy and practice of the CITY OF CHICAGO'S Police Department, which

flagrantly disregards the Fourth Amendment rights of these citizens to be free from unreasonable search and seizure. Plaintiffs also seek compensatory damages from Defendants for their participation in the Plaintiff's unlawful detention, robbery, theft, destruction of property, and illegal search and seizure.

## PARTIES

2.   Plaintiffs RAMADAN ALI, LUQMAN ALI, and ANEESAH ALI, CURTIS ABDUL-MUHAIMIN ALI were at all times material hereto citizens of the United States and residents of the City of Chicago, County of Cook, State of Illinois, and entitled to be free from false imprisonment and malicious conduct by police officers.

3.   At all times material hereto, Plaintiffs CURTIS ABDUL MUHAIMIN ALI, RAMADAN ALI, LUQMAN ALI, and ANEESAH ALI lived at the residence on 8242 S. Ellis Avenue Apt. 3D, Chicago, IL 60619-5555.

4.   Plaintiff CURTIS ABDUL-MUHAIMIN ALI, now deceased, was 51 years old at the time in question and the natural father of Plaintiffs LUQMAN ALI, ANEESAH ALI, and RAMADAN ALI.

5.   Plaintiff RAMADAN ALI, 27 years of age, was 25 at the time of events in question and is the natural son and duly appointed Special Administrator of the Estate of CURTIS ABDUL-MUHAIMIN ALI, and brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act, for injuries sustained by the plaintiff's decedent during his natural lifetime.

6.  Plaintiff LUQMAN ALI, now 20 years old, was 18 at the time of events in question.

7.  Plaintiff ANEESAH ALI, now 18 years old, was a minor at the age of 16 at the time of events in question.

8.  Defendant CITY OF CHICAGO, ILLINOIS, is a municipal corporation duly organized under the laws of the State of Illinois and the employer of CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, and at all times relevant to this Complaint were responsible for supervising and determining the policies directing the actions of the Police officer Defendants.

9.  Defendant OFFICERS, at all times relevant to this Complaint, were Chicago Police Officers employed by the City of Chicago Police Department, and agents of the City of Chicago, who were on duty, acting within the scope of their employment and under color of state law.

## FACTS COMMON TO ALL COUNTS

10. On or about 8:45 p.m. on Tuesday, December 6, 2005, Plaintiff LUQMAN ALI was operating an 1988 Cadillac Deville (VIN # 1G6DW51YXJ9709052 , LIC # 6309677) owned by CURTIS ABDUL-MUHAIMIN ALI along the 8200 block, heading southbound on Ellis Avenue.

11. ANEESAH ALI was a passenger in the vehicle. The two Plaintiffs were returning from shopping at Ford City Shopping Mall and Burlington Coat Factory, located at 7601 S. Cicero Avenue and 8320 South Cicero Avenue, respectively.

3

12.     After pulling in to park, an unmarked vehicle pulled up in the rear of the vehicle being operated by LUQMAN ALI.

13.     Two Defendant OFFICERS in plain clothes approached the vehicle.

14.     Pursuing a warrant for CURTIS ABDUL-MUHAIMIN ALI's arrest, Defendant OFFICERS shined a flashlight into the vehicle and asked LUQMAN ALI "What's up Curtis?"

15.     LUQMAN ALI responded "He's my father, I'm not him."

16.     Defendant OFFICERS asked LUQMAN ALI to produce identification.

17.     Upon producing a valid State of Illinois Driver's License, Defendant OFFICERS asked LUQMAN ALI out of the vehicle.

18.     Due to the driver's side door being damaged, LUQMAN ALI had to exit the vehicle from the passenger's side, and in doing so he attempted to swallow approximately 1 gram or a "nickel bag" (or $5 in street value) of marijuana.

19.     Defendant OFFICERS observed this and forcibly induced vomiting by sticking a device down the throat of LUQMAN ALI to retrieve the evidence.

20.     LUQMAN ALI was then handcuffed and searched.

21.     Officers took from his person cash in the amount of $_____, of which $____ was recovered.

22.     Defendant OFFICERS again inquired as to the whereabouts of CURTIS ABDUL-MUHAIMIN ALI.

23.     LUQMAN ALI informed Defendant OFFICERS he did not know where his father was.

4

24.    LUQMAN ALI was then forcibly placed in a Chicago Police Department paddy wagon.

25.    Defendant OFFICERS then told LUQMAN ALI they could "make this all go away if you take me to a "blow spot" (domicile of cocaine sale) or a pistol (gun).

26.    ANEESAH ALI, at the time a minor at the age of 16, was then asked out of the vehicle and taken halfway down the block and searched.

27.    Defendant OFFICERS asked ANEESAH ALI "Is your brother a drug dealer?", "Where does he keep his stash [of drugs]?"

28.    ANEESAH ALI replied "He doesn't sell drugs".

29.    Defendant OFFICERS asked ANEESAH ALI, who had lived at the residence on 8242 S. Ellis Avenue #3D for approximately 4 days prior to this event, which building her father, CURTIS ABDUL-MUHAIMIN ALI stayed in.

30.    ANEESAH ALI responded that she didn't know.

31.    Defendant OFFICERS asked ANEESAH ALI if CURTIS ABDUL-MUHAIMIN ALI had a gun and threatened her with impounding the car, saying there would be an expensive impound fee.

32.    Defendant OFFICERS finally convinced ANEESAH ALI, a minor at the age of 16 at the time, to call CURTIS ABDUL-MUHAIMIN ALI, and fictitiously tell him that her and LUQMAN ALI were experiencing car problems outside.

33.    CURTIS ABDUL-MUHAIMIN ALI, now deceased, was diagnosed with cancer in September of 2005 and was scheduled to have colorectal surgery at

John H. Stroger, Jr. Hospital of Cook County at 5:00 a.m. on Wednesday,
December 7, 2005.

34.     Due to CURTIS ABDUL-MUHAIMIN ALI's weakened condition and
following his doctor's orders to rest for his surgery, he asked Plaintiff
RAMADAN ALI to go downstairs to check on LUQMAN ALI and
ANEESAH ALI.

35.     RAMADAN ALI exited the building 8242 South Ellis Avenue at
approximately 9:10 p.m.

36.     Upon exiting the building, RAMADAN ALI was approached by four
Defendant OFFICERS in plain clothes.

37.     "Are you Curtis?" one of the Defendant OFFICERS asked him.

38.     "No", RAMADAN ALI replied.

39.     Defendant OFFICERS did not witness RAMADAN ALI breaking any
ordinances of the City of Chicago, the statutes of the State of Illinois, the
statutes of the United States.

40.     RAMADAN ALI witnessed two of the Defendant OFFICERS reach for what
looked to be gun holsters on their hips.

41.     "Who are you?" RAMADAN ALI asked the Defendant OFFICERS as they
further surrounded him.

42.     "We're the fucking police", one of the Defendant OFFICERS announced as
he and two other Defendant OFFICERS pulled RAMADAN ALI's arms
behind his back and shoved his face against the wrought iron fence adjacent to
the building.

6

43. Defendant OFFICERS then handcuffed RAMADAN ALI and took the keys to 8242 South Ellis #3D from his coat pocket.

44. Responding to this action and fearful of CURTIS ABDUL-MUHAIMIN ALI's safety, RAMADAN ALI questioned the nature of Defendant OFFICERS desire for his house keys.

45. "Shut your fucking mouth" one Defendant OFFICER ordered.

46. "We got us a smart one. We're going to fuck you up back at the station" another Defendant OFFICER announced.

47. RAMADAN ALI was then searched and placed in the Chicago Police Department paddy wagon.

48. Defendant OFFICERS proceeded to enter the Plaintiff's residence on 8242 South Ellis Avenue #3D with RAMADAN ALI'S keys.

49. Defendant OFFICERS searched the residence, leaving Plaintiff's property strewn about the apartment.

50. Approximately thirty minutes after entering the residence, Defendant OFFICERS returned with CURTIS ABDUL-MUHAIMIN ALI and placed him in the Chicago Police Department paddy wagon.

51. After another fifteen minutes, Defendant OFFICERS removed Plaintiff RAMADAN ALI from the paddy wagon.

52. Defendant OFFICERS then proceeded to check RAMADAN ALI'S name in Chicago Police Department database inquiry system, which returned no outstanding alerts.

53.    At or around 10:30 p.m., RAMADAN ALI and ANEESAH ALI were released
       from police custody.

54.    LUQMAN ALI and CURTIS ABDUL-MUHAIMIN ALI were processed at
       the 6th District Chicago Police Department Headquarters.

55.    CURTIS ABDUL-MUHAIMIN ALI'S vehicle was subsequently impounded
       at the City of Chicago Impound at 650 W. 83RR=D, Chicago, Illinois.

56.    CURTIS ABDUL-MUHAIMIN ALI's vehicle contained property belonging
       to CURTIS ABDUL-MUHAIMIN ALI, RAMADAN ALI and LUQMAN
       ALI valued at or around $1,000.00.

57.    CURTIS ABDUL-MUHAIMIN ALI's vehicle was destroyed before CURTIS
       ABDUL-MUHAIMIN ALI, still recovering from surgery, was able to retrieve
       said belongings.

## COUNT I.

(Civil Rights Under 42 U.S.C. 1983 – Compensatory Damages)

58.    Plaintiff realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

59.    This Count is brought by all Plaintiffs, against Defendant OFFICERS as City
       of Chicago Police Officers and as individuals, under sections 1983 of the Civil
       Rights Act, specifically: 42 U.S.C. sections 1983, and jurisdiction is based
       upon 28 U.S.C. 1331 and 1343.

60.    The above actions subjected Plaintiffs to a deprivation of the rights and
       privileges secured to Plaintiffs by the Constitution and laws of the United
       States, including the Fourth Amendment and the due process clause of the

Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. 1983.

61.    The actions outlined above by Defendants violated the Plaintiffs' rights against unreasonable search and seizure under the Civil Rights Act and the Fourth and Fourteenth amendments to the U.S. Constitution; The Illinois Constitution and Illinois law.

62.    As a proximate result of Defendant OFFICERS' actions Plaintiffs were injured resulting in damages in the form of humiliation, pain and suffering, intense emotional distress, and property loss.

63.    The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs pray for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for compensatory damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT II.

(42 U.S.C. § 1983 -- Search and Seizure - Punitive Damages)

64.    Plaintiff hereby realleges and incorporates paragraphs 1-57 as if fully set forth herein.

9

65.  This Count is brought by all Plaintiffs against Defendant OFFICERS as City of Chicago Police Officers and as individuals, under sections 1983 of the Civil Rights Act, specifically: 42 U.S.C. sections 1983, and jurisdiction is based upon 28 U.S.C. 1331 and 1343.

66.  The above actions subjected Plaintiffs to a deprivation of the rights and privileges secured to Plaintiffs by the Constitution and laws of the United States, including the Fourth Amendment and the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. 1983.

67.  The actions outlined above by Defendants violated the Plaintiffs' rights against unreasonable search and seizure under the Civil Rights Act and the Fourth and Fourteenth amendments to the U.S. Constitution; The Illinois Constitution and Illinois law.

68.  As a proximate result of Defendant OFFICERS' actions Plaintiffs were injured resulting in damages in the form of humiliation, pain and suffering, intense emotional distress, and property loss.

69.  The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs pray for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION

DOLLARS ($1,000,000) for punitive damages as permitted by 42 U.S.C. 1983, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT III.

(42 U.S.C. §1983 – Failure to Intervene)

70. Plaintiff hereby realleges and incorporates paragraphs 1-57 as if fully set forth herein.

71. This Count is brought by all Plaintiffs, against Defendant OFFICERS as City of Chicago Police Officers and as individuals, under sections 1983 of the Civil Rights Act, specifically: 42 U.S.C. sections 1983, and jurisdiction is based upon 28 U.S.C. 1331 and 1343.

72. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendant OFFICERS stood by without intervening to prevent the misconduct.

73. As a result of the Defendant OFFICERS' failure to intervene to prevent the violation of Plaintiffs' Constitutional rights, Plaintiffs, suffered loss of property, as well as intense emotional distress, a deprivation of their liberty, and mental anguish.

74. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

75. The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions

complained of while on duty and in the employ of Defendant CITY OF

CHICAGO, and while acting within the scope of this employment.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand judgment against the

individual Defendant OFFICERS, jointly and severally, for compensatory damages

against Defendant OFFICERS in an amount in excess of ONE MILLION DOLLARS

($1,000,000), and because these Defendants acted maliciously, wantonly, or

oppressively, punitive damages in an amount in excess of ONE MILLION

DOLLARS ($1,000,000), plus any such other additional relief as this Court deems

equitable and just.

## COUNT IV.

### (Robbery)

76. Plaintiff hereby realleges and incorporates paragraphs 1-57 as if fully set forth
herein.

77. This Count is brought by Plaintiff RAMADAN ALI against Defendant CITY
OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers
and as individuals.

78. Defendant OFFICERS were not in possession of any other reasonable access
to the Plaintiff's premises otherwise, as they did not possess a valid search
warrant nor were the two entry doors to the apartment unlocked.

79. Defendant OFFICERS did not seek nor gain RAMADAN ALI's permission to
use his keys to enter the property at 8242 S. Ellis Avenue #3D.

80. Defendant OFFICERS restrained, handcuffed, and forcibly removed
apartment keys from the possession of Plaintiff RAMADAN ALI.

81.   Defendant OFFICERS did so while threatening RAMADAN ALI of bodily harm for questioning their motives.

82.   During the course of time in which RAMADAN ALI was detained, the Defendant OFFICERS did use his keys to gain entry to the aforementioned property and perform an unwarranted search.

83.   The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiff, RAMADAN ALI, prays for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, for compensatory damages, and Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive and compensatory damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT V.

### (Trespass)

84.   Plaintiff hereby realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

85.   This Count is brought by all Plaintiffs against Defendant CITY OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers and as individuals.

13

86.     Defendant OFFICERS did not witness RAMADAN ALI breaking any
        ordinances of the City of Chicago, the statutes of the State of Illinois, the
        statutes of the United States.

87.     During the course of time in which RAMADAN ALI was handcuffed and
        detained, the Defendant OFFICERS did use his keys to gain entry to the
        aforementioned property and perform an unwarranted search.

88.     Defendant OFFICERS, upon discovering Plaintiff RAMADAN ALI was not
        CURTIS ABDUL-MUHAIMIN ALI as they previously believed, did not read
        Miranda rights to him placing him under arrest, but held him in their custody
        as they treated Plaintiff's property and belongings as though they were its
        rightful owners.

89.     Plaintiffs RAMADAN ALI and ANEESAH ALI were deprived of the use of
        his property and detained without probable cause or suspicion of wrongdoing.

90.     The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of
        respondeat superior, in that Defendant OFFICERS performed the actions
        complained of while on duty and in the employ of Defendant CITY OF
        CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs pray for Judgment against Defendant CITY OF
CHICAGO, a municipal corporation, for compensatory damages, and Defendant
OFFICERS as City of Chicago Police Officers and individually, and each of them, in an
amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive and
compensatory damages, plus cost of court, or in an amount this court deems appropriate
and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT VI.

### (Theft)

91.    Plaintiff hereby realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

92.    This count of Plaintiff's Complaint at Law is brought by Plaintiffs, RAMADAN ALI and LUQMAN ALI against Defendant CITY OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers and as individuals.

93.    LUQMAN ALI had possessions in the vehicle seized by Defendant OFFICERS at a value of $200.00.

94.    RAMADAN ALI had possessions in the vehicle seized by Defendant OFFICERS at a value of $800.00.

95.    Neither of their belongings were properly inventoried by Police.

96.    RAMADAN ALI was twice denied access to the vehicle seized by Defendant OFFICERS at the CITY OF CHICAGO impound lot at 103rd & Doty Road because his name did not appear on the vehicle title.

97.    By the time Plaintiff CURTIS ABDUL-MUHAIMIN ALI was able to travel to the CITY OF CHICAGO impound lot, his vehicle had been destroyed.

98.    The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs, RAMADAN ALI and LUQMAN ALI prays for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, and Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive and compensatory damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT VII.

(Wrongful Detention)

99.     Plaintiff hereby realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

100.    This Count is brought by Plaintiffs RAMADAN ALI and ANEESAH ALI against Defendant CITY OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers and as individuals.

101.    At the time Defendant OFFICERS took RAMADAN ALI into custody, Defendant OFFICERS knew that they did not have probable cause or even reasonable suspicion to believe that RAMADAN ALI had committed any offense justifying said detention.

102.    At the time Defendant OFFICERS took ANEESAH ALI into custody, Defendant OFFICERS knew that they did not have probable cause or even reasonable suspicion to believe that ANEESAH ALI had committed any offense justifying said detention.

103.    Defendant OFFICERS did not have any charges to levy against RAMADAN ALI, never placed him under arrest, but held RAMADAN ALI in custody for approximately one hour and 45 minutes.

104.    Defendant OFFICERS did not have any charges to levy against ANEESAH ALI, never placed her under arrest, but held ANEESAH ALI in custody for approximately two hours and fifteen minutes.

105.    As a direct and proximate result of Defendant OFFICERS' wrongful detention, RAMADAN ALI and ANEESAH ALI endured pain and suffering, mental anguish, severe emotional distress, humiliation, and embarrassment.

106.    At all relevant times, Defendant OFFICERS' actions were willful, wanton, intentional and malicious.  Punitive damages should be awarded in order to punish and deter such conduct.

107.    The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs, RAMADAN ALI and ANEESAH ALI, pray for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, and Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## **COUNT VIII.**

(Negligent Supervision)

108. Plaintiff hereby realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

109. This Count is brought by all Plaintiffs against Defendant CITY OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers and as individuals.

110. CURTIS ABDUL-MUHAIMIN ALI was scheduled for an urgent colorectal surgery at John H. Stroger Jr. Hospital of Cook County.

111. A specialist in said medical procedure was present at John H. Stroger Jr. Hospital for a short time, and CURTIS ABDUL-MUHAIMIN ALI's condition necessitated the least invasive procedure available.

112. Plaintiffs RAMADAN ALI, LUQMAN ALI, ANEESAH ALI, and others attempted to relay this crucial information to arresting Defendant OFFICERS and Officers at the 6th District Police station in an attempt to have him released in due time to arrive in time for his 5:00 a.m. surgery.

113. Defendant OFFICERS responded with indifference, replying that "He will be at the County [Lockup at 2600 S. California] and you can get him from there".

114. CURTIS ABDUL-MUHAIMIN ALI missed his appointment the next day and as a result underwent a more invasive procedure at a later date, from which he never recovered.

115.    At all relevant times, Defendant OFFICERS were employees, servants, and agents of the CITY OF CHICAGO, acting within the scope of their employment.

116.    At all relevant times, Defendant OFFICERS' actions were willful, wanton, intentional and malicious. Punitive and compensatory damages and should be awarded in order to punish and deter such conduct.

117.    The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs pray for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, for compensatory damages, and Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive and compensatory damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

## COUNT IX.

(Intentional Infliction of Emotional Distress)

118.    Plaintiff hereby realleges and incorporates Paragraphs 1-57 as if fully set forth herein.

119.    This Count is brought by all Plaintiffs against Defendant CITY OF CHICAGO and Defendant OFFICERS as City of Chicago Police Officers and as individuals.

19

120.   Plaintiffs RAMADAN ALI, LUQMAN ALI, and ANEESAH ALI were aware
       of the immediacy of their father, CURTIS ABDUL-MUHAIMIN ALI's need
       for medical attention and knew well of his scheduled surgery on the morning
       following the night in question.

121.   Out of due love, concern and care for their sickened and ailing father,
       Plaintiffs LUQMAN ALI, RAMADAN ALI, and ANEESAH ALI attempted
       to shield their father from becoming subject to the harassment from Defendant
       OFFICERS they were experiencing.

122.   The Defendant Officers, frustrated by their inability to locate Plaintiff
       CURTIS ABDUL-MUHAIMIN ALI by legal means, resorted to verbal
       threats, trickery, coercion, wrongful detention, theft, and intimidation.

123.   Officers took advantage of Plaintiff ANEESAH ALI, a minor at the age of 16
       at the time, who was particularly distraught to be in police custody.

124.   Upon witnessing and experiencing verbal, physical, and financial threats by
       Defendant OFFICERS, ANEESAH ALI justifiably feared for the safety of
       herself, her father, and her brothers.

125.   Not having first-hand knowledge or prior experience with police or the
       procedures demonstrated by Defendant OFFICERS on that night, ANEESAH
       ALI was left disheveled, confused, upset, fearful, fragile, and crying.

126.   Defendant OFFICERS added to this confusion by coercing ANEESAH ALI, a
       minor at the age of 16 at the time, into convincing her father to come
       downstairs.

127.   Defendants performed these willfully deceptive and coercive actions solely to secure an arrest on a property in which they had neither permission nor warrant to enter.

128.   The above-detailed conduct by the Defendant OFFICERS was extreme and outrageous, exceeding all bounds of dutiful police conduct.

129.   Defendants performed the acts detailed above with the intent of inflicting sever emotional distress on Plaintiff ANEESAH ALI or with knowledge of the high probability that the conduct would cause such distress.

130.   As a direct and proximate result of this conduct, Plaintiffs did in fact suffer severe emotional distress, resulting in mental anguish, property loss, and loss loss of liberty.

131.   The CITY OF CHICAGO is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant OFFICERS performed the actions complained of while on duty and in the employ of Defendant CITY OF CHICAGO, and while acting within the scope of this employment.

WHEREFORE, Plaintiffs pray for Judgment against Defendant CITY OF CHICAGO, a municipal corporation, for compensatory damages, and Defendant OFFICERS as City of Chicago Police Officers and individually, and each of them, in an amount in excess of ONE MILLION DOLLARS ($1,000,000) for punitive and compensatory damages, plus cost of court, or in an amount this court deems appropriate and for such other relief, legal or equitable, which this Court deems appropriate.

~~Plaintiffs request a trial by jury~~.

Respectfully Submitted,

Ramadan Ali
Plaintiff

6846 S. Peoria
Chicago, IL 60621

## Verification Statement

Under PENALTIES AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE ILLINOIS CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS THEREIN STATED TO BE ON INFORMATION AND BELIEF, AND AS TO SAID MATTERS, THE UNDERSIGNED CERTIFIES AS AFORESAID THAT HE VERILY BELIEVES THE SAME TO BE TRUE.

RAMADAN ALI,
PLAINTIFF

22